IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
2024 NOV -4 A 10:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

J CORBIN DOUGLAS TUNSTALL

PLAINTIFF, )
)
) CIVIL ACTION NO.:
) 2:24cv1504-RDP
)
)
) JURY DEMAND
)
WILLIAM E. DONALDSON )
CORRECTIONAL FACILITY- )
STATE OF ALABAMA, )
DEPARTMENT OF CORRECTIONS- )
JOHN Q. HAMM, COMMISSIONER- )

DEFENDANT

## COMPLAINT

### 1. JURISDICTION

1.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1343(4). This is a suit authorized and instituted pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, the Civil Rights Act of 1866, as amended 42 U.S.C. § 1983 and 42 U.S.C. § 1981, as amended. The jurisdiction of is Court is invoked to secure



protection for and to redress the deprivation of rights secured by 42 U.S.C. §2000e et seq. and 42 U.S.C. §1981, and 42 U.S.C. §1983, providing injunctive and other relief against racial discrimination and retaliation in employment.

## 11. PARTIES

2. Plaintiff, J Corbin Douglas Tunstall, is a citizen of the United States and is a resident of Pleasant Grove, Alabama.

3. Defendant, William E. Donaldson Correctional Facility, Bessemer Alabama, is a Prison operated as a subdivision of the State of Alabama. At all times relevant to this action, Defendant has been an employer within the meaning of Title VII, 42 U.S.C. § 1981 and 42 U.S.C. §1983.

4. Defendant agent, John Q. Hamm, Caucasian, is the Commissioner for the State of Alabama Correctional Facility, William E. Donaldson prison located in Bessemer Alabama, a subdivision, and held this position at the time of the violations detailed herein. Acting under color of state law, representatives and/or John Q. Hamm, engaged in conduct designed to harass and retaliate against the Plaintiff on the basis of his race and in retaliation for engaging in a protected activity.
Hamm as Commissioner of Alabama Department of Corrections is sued in his individual, as well as, official capacity as representative of William E. Donaldson Correctional Facility.

## 111. ADMINISTRATIVE PROCEDURES

5. Plaintiff hereby adopts and re-alleges paragraphs one (1) through four (4) herein above as if fully set forth herein.

6. Plaintiff brings this action for the unlawful employment practices and acts of intentional discrimination that occurred at the William E. Donaldson Correctional Facility, located at 100 Warrior Lane, Jefferson County, Bessemer, Alabama, 35023-7299.

7. This action seeks to redress unlawful employment practices resulting from the acts of Defendant, its agents, servants, and employees committed with respect to Plaintiff's employment; and for a permanent injunction restraining Defendant from maintaining a habit and/or practice of discriminating against the Plaintiff and others similarly situated on account of race discrimination, subjecting Plaintiff to retaliation.

8. On February 10 2022, within 180 days of the last discriminatory and retaliatory act of which Plaintiff complains, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC").

9. Plaintiff filed an (EEOC) Equal Employment Opportunity Commission claim on July 17, 2021. The "EEOC" made a finding of _Cause_ on December 1, 2023, "Upon finding that there is reason to believe that violations have occurred, the

Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation (i.e., settlement)".

10. Plaintiff's Notice of Right to Sue was mailed by the Department of Justice to the Plaintiff on September 6, 2024, and Plaintiff filed suit within ninety (90) days of receipt of his Notice of Right to Sue.

11. All administrative prerequisites for filing suit have been satisfied, and Plaintiff is entitled to bring this action.

## FACTS

12. Plaintiff hereby adopts and re-alleges paragraphs one (1) ten (10) herein above as if fully set forth herein.

13. Plaintiff, J Corbin Douglas Tunstall is an African-American male. He worked for Defendant as a Correctional Officer from January 2, 2013 and as a Sergeant from December 2, 2020 until February 9, 2022 upon subsequently being terminated by Commissioner John Q. Hamm.

14. On October 13, 2021, a situation occurred involving the death of an inmate. The inmate refused to go to the medical unit for treatment and was combative in his refusal. Sgt. Tunstall under instructions from the duty supervisors, had the inmate placed in what is named the, "barbering" observation room, hoping the inmate would calm down.

15. The inmate became unresponsive while in this observation room, and subsequently died while being treated by the medical staff. It was discovered by the medical staff that the inmate had been allegedly stabbed and died of the stab wound that was not evidenced by any bleeding. The stab wounds on the body of the inmate were both listed as "old" according to the Corrections Facility medical staff.

16. On October 13, 2021, Sgt. Tunstall was placed on mandatory leave. This leave depleted all of Sgt. Tunstall's annual leave which totaled 324 hours as well as his sick leave was not honored. Sergeant Tunstall was not paid while on mandatory leave. Comparator, Shaun Mechalske, was not placed on mandatory leave and continued receiving regular pay.

17. On February 7, 2022, J Corbin Douglas Tunstall resigned and on February 9, 2022 was terminated from his employment with the William E. Donaldson Correctional Facility and informed that his termination was due to his not getting medical treatment for an inmate that it was later determined had been stabbed by another inmate.

18. The Caucasian Sergeant-Duty Officer, Shaun Mechalske, another correctional supervisor, involved in the same above described incident, and giving the instruction of placing the inmate in the barbering room, until he calmed down, was not placed on mandatory leave and was not terminated at the time Sgt. Tunstall

was terminated for the same cause incident. Sgt. Tunstall was not the Sergeant on duty, but the white Sergeant was the sergeant on duty and giving the instructions.

19. Before his termination, Plaintiff was never counseled or reprimanded during the eleven years he was employed by Defendant.

20. After realizing that Sgt. Tunstall was not the sergeant in charge and a possible mistake was made, that was claimed as discriminatory, in his firing, the Department of Corrections made further investigations and took corrective measures. Plaintiff's claim of discrimination was made quickly following Plaintiff being placed on mandatory leave. To remove this appearance of discrimination is only when subsequent actions were taken. By the time this action was taken, Plaintiff had suffered emotionally, economically and a total violation of his rights pursuant to Title VII of the Civil Rights Act of 1964 as amended (Title VII), 42 U.S.C. sec 2000e, et seq. had already occurred. Their, the Department of Corrections, subsequent firing of the other person involved did not remedy or correct the discrimination and constitutional violations imposed on Plaintiff Tunstall.

6

## V. STATEMENT OF PLAINTIFF'S CLAIMS

### COUNT ONE

### STATEMENT OF PLAINTIFF'S TITLE VII AND §1981 RACIAL DISCRIMINATION CLAIMS

20. Plaintiff adopts and re-alleges paragraphs one(1) through nineteen (19) as if fully set forth herein.

21. Plaintiff avers, based on the facts set forth herein, he has been disciplined, terminated, treated differently, and subjected to different terms and conditions of employment because of his race, African-American. Caucasian employees were not disciplined or terminated for similar alleged infractions as Plaintiff.

22. Plaintiff avers that Defendant has a habit and/or practice of unfairly disciplining African Americans.

23. Plaintiff avers he has been subjected to other adverse actions because of his race, African-American.

24. Plaintiff avers Defendant's actions are in violation of Title VII of the "Civil Rights Act of 1964," as amended, and 42 U.S.C.§1981, as amended..

25. The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, compensatory damages, punitive damages, attorney's fees, injunctive relief and declaratory relief is his only means of securing adequate relief.

26. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

27. Plaintiff has satisfied all administrative prerequisites to bring this action.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a. Enter a declaratory judgement that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by Title VII of the "Civil Rights Act of 1964," as amended, and 42 U.S.C. §1981, as amended;

b. Grant Plaintiff a permanent injunction enjoining Defendant, its Agents, Successors, Employees, Attorneys, and those acting in concerts with Defendant or at Defendant's request from violating Title VII of the "Civil Rights Act of 1964," as amended, and 42 U.S.C. § 1981, as amended;

c.  Grant Plaintiff an Order requiring the Defendant to make him whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), punitive damages, interest, attorney fees, expenses, costs; and

d.  Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

## COUNT TWO

## STATEMENT OF PLAINTIFF'S TITLE VII AND 42 U.S.C. §1981 RETALIATION CLAIMS

28.  Plaintiff adopts and re-alleges paragraphs one (I) through twenty-seven (27) as if fully set forth herein.

28.  Plaintiff avers that he has been terminated, disciplined, harassed, subjected to different terms and conditions of employment, and subjected to other adverse employment action for engaging in protected activity, and that there is a causal link between Plaintiff engaging in protected activity and the adverse actions he suffered.

29.  Plaintiff has been retaliated against in violation of Title VII of the "Civil Rights Act of 1964," as amended, and in violation of the "Civil Rights Act of 1866," as amended. The Defendant has a habit and/or practice of retaliating against employees that engage in protected activity.

30. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, compensatory damages, punitive damages, attorney's fees, injunctive relief and declaratory judgment is her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a. Enter a declaratory judgement that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by Title VII of the "Civil Rights Act of 1964," as amended, and 42 U.S.C.§ 1981, as amended;

b. Grant Plaintiff a permanent injunction enjoining Defendant, its Agents, Successors, Employees, Attorneys, and those acting in concerts with Defendant or at Defendant's request from violating Title VII of the "Civil Rights Act of 1964," as amended, and 42 U.S.C. § 1981, as amended;

c.   Grant Plaintiff an Order requiring the Defendant to make him whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), punitive damages, interest, attorney fees, expenses, costs; and

d.   Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

## COUNT THREE

## 42 U.S.C. §1983 CLAIMS AGAINST DEFENDANT HAMM

31.   Plaintiff adopts and re-alleges paragraphs one (1) through thirty (30) as if fully set forth herein.

32.   Plaintiff avers Defendant Hamm Commissioner, participated in constitutional violations of Plaintiff's rights in that he discriminated and retaliated against Plaintiff and allowed to be created a racially discriminatory work environment for Plaintiff.

33.   At all times material to the complaint, Defendant Hamm was acting in his official capacity as an official of the State of Alabama Commissioner of the Department of Corrections. Defendant Hamm was acting in his official capacity as State of Alabama Commissioner of the Department of Corrections.  Defendant Hamm was acting under Color of the law and the official policy of the State of Alabama Department of Corrections' office. Defendant Hamm is an agent for State of Alabama Department of Corrections office.

11

34. Plaintiff further avers that Defendant Hamm violated the Equal Protection clause of the United States Constitution and deprived Plaintiff of his rights secured thereby.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a.   Enter a declaratory judgement that Defendant has violated and continues to violate the rights of Plaintiff as secured by 42 U.S.C.§ 1983; and

b.   Grant Plaintiff a permanent injunction enjoining Defendant and those acting in concert with Defendant or at Defendant's request from violating 42 U.S.C. §1983.

c.   Grant Plaintiff an Order requiring the Defendant to make him whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), punitive damages, interest, attorney fees, expenses, costs; and

d.   Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

PLAINTIFF HEREBY REQUESTS TRIAL BY A STRUCK JURY

/s/Minnie L. Tunstall
Minnie L. Tunstall
ASB-9864-U75M

_/s/ Minnie Tunstall_                                              Attorney for Plaintiff

OF COUNSEL:
Minnie L. Tunstall, Esq.
P.O. Box 906
Bessemer, Alabama 35020
Tel: (205) 335-3472
E-mail: minnie.tunstall@yahoo.com


**PLAINTIFF'S ADDRESS:**
J Corbin Douglas Tunstall
c/o Minnie L. Tunstall
P.O. Box 906
Bessemer, Alabama 35020


**PLEASE SERVE DEFENDANT AT THE FOLLOWING ADDRESS:**

State of Alabama Department of Corrections
W.E. Donaldson Correctional Facility
John Hamm Commissioner,
100 Warrior Lane
Bessemer, AL 35023-7299